IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SAMUEL WOODWARD,

    Plaintiff,

v.                                                                                                    Civ. No. 16-775 LF/KK

CAROLYN COLVIN, Acting Commissioner
of Social Security Administration,

    Defendant.

**ORDER DENYING MOTION TO APPOINT COUNSEL**

THIS MATTER comes before the Court on Plaintiff's Motion to Appoint Counsel (Doc. 5), filed July 25, 2016.  For the following reasons, the Court finds that Plaintiff's motion is not well taken and should be denied without prejudice.

*Background*

On July 5, 2016, Plaintiff Samuel Woodward filed this action against his employer, Defendant Carolyn Colvin, Acting Commissioner of the United States Social Security Administration, alleging employment discrimination based on race, national origin, and sex in violation of the Title VII of the Civil Rights Act of 1964.[1]  (Doc. 1.)  The civil docket reflects that Plaintiff paid the requisite filing fee of $400 in full.  (Doc. 2.)  On July 25, 2016, Plaintiff sent a letter to the Court, asking for a referral to the Court's *Pro Bono* program's selection committee, which was docketed as a Motion to Appoint Counsel, and this motion is now before the Court.  (Doc. 5.)

---

[1] Plaintiff also asserts claims based on the alleged violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution.  (Doc. 1 at 1, 6-7.)  However, constitutional claims are not cognizable against a federal agency, *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994); and, Plaintiff asserts no claims against any of the individuals who allegedly violated his constitutional rights.

## *Analysis*

"A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). However, Title VII provides that a district court "may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action." *Id.* Specifically, the statute provides in pertinent part that

> [u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e-5(f)(1).[2]  The district court has "extremely broad" discretion in deciding whether to grant a motion to appoint counsel in a Title VII case. *Castner*, 979 F.2d at 1420. Nevertheless,

> [b]efore counsel may be appointed, a plaintiff must make affirmative showings of (1) financial inability to pay for counsel, (2) diligence in attempting to secure counsel[,] and (3) meritorious allegations of discrimination. [A] fourth factor – the plaintiff's capacity to present the case without counsel – should be considered in close cases as an aid in exercising discretion.

*Id.* at 1421. The Court will address each of these factors in turn.

### 1.   *Financial Ability to Pay for Counsel*

In determining a Title VII plaintiff's ability to afford counsel, "the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. Here, Plaintiff has provided the Court with only the barest and most conclusory of allegations, and no evidence, regarding his financial situation. His showing on this point consists solely of his unsworn statements that he is "a single man with only one income in [his] household" and does "not have the means to afford an attorney as [he] know[s] fees can be in the hundreds of

---

[2] This provision is applicable to employment discrimination actions against federal agencies pursuant to 42 U.S.C. § 2000e-16(d).

thousands of dollars." (Doc. 5 at 1.)  The Court finds that these unsupported and conclusory allegations fall far short of an "affirmative showing[] of . . . financial inability to pay for counsel."  *Castner*, 979 F.2d at 1421.

## 2. *Efforts to Secure Counsel*

"Although not required to exhaust the legal directory, a plaintiff must demonstrate that he or she has made a reasonably diligent effort under the circumstances to obtain counsel."  *Id.* at 1422 (citations and internal quotation marks omitted).  Here, Plaintiff has made no allegations, and presented no evidence, regarding his efforts, if any, to obtain counsel without the Court's assistance.  (*See generally* Doc. 5.)  Moreover, Plaintiff appears to be unaware that successful Title VII plaintiffs are entitled to an award of their reasonable attorneys' fees and costs.  42 U.S.C. § 2000e-5(k); *Flitton v. Primary Residential Mortgage, Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010).  Thus, if Plaintiff's Title VII claims are meritorious, Plaintiff may well be able to find an attorney to take his case, who will only require him to pay attorneys' fees and/or costs if his claims are successful.  Meanwhile, the Court finds that Plaintiff has failed entirely to make an "affirmative showing[] of . . . diligence in attempting to secure counsel."  *Castner*, 979 F.2d at 1421.

## 3. *Evaluation of the Merits*

In evaluating the merits of a Title VII plaintiff's claims, the Court may consider as "highly probative," but not "preclusive," the outcome of the administrative proceedings an employee must pursue before bringing a Title VII claim.  *Id.* at 1422.  The Court may also consider whether the plaintiff's "complaint is legally insufficient for failure to state a claim."  *Id.*  Here, the Court concludes that Plaintiff's complaint as currently drafted is legally insufficient,

3

because he has not alleged that he filed this action in a timely manner after exhausting his administrative remedies in accordance with Title VII.

Title VII requires a federal employee to file a civil action "[w]ithin 90 days of receipt of notice of final action . . . on a complaint of [race or national origin] discrimination" by the employee's agency or by the Equal Employment Opportunity Commission ("EEOC").  42 U.S.C. § 2000e-16(c).  In the alternative, a federal employee may file a Title VII action if more than 180 days have elapsed since the employee filed a complaint of discrimination, and the federal agency, or the EEOC, has not taken a final action on the complaint.  *Id.*  In the present matter, Plaintiff alleges that he has "filed two previous EEO complaints . . . with the Social Security Administration" regarding the acts on which he bases his complaint, and suggests that he received an unfavorable decision on at least one of them.  (Doc. 1 at 8; *see also* Doc. 5 at 1 (referencing an unfavorable decision on an EEO complaint at an administrative hearing).)  However, Plaintiff's complaint fails to allege either that he filed this civil action within 90 days of receiving a notice of final action on one or both of his EEO complaints, or that more than 180 days have elapsed since he filed the complaint(s) and the agency or the EEOC has not taken final action on them.  (*See generally* Doc. 1 at 5.)  As such, Plaintiff's complaint is legally insufficient, and Plaintiff has failed to make an "affirmative showing[] of . . . meritorious allegations of discrimination" at this time.  *Castner*, 979 F.2d at 1421.

*4.     Capacity to Proceed without Counsel*

The Court will not consider Plaintiff's capacity to proceed in this action without counsel, because Plaintiff has failed to make an affirmative showing as to the other three factors the Court must consider in deciding whether to appoint counsel in a Title VII case.  *Id.*

### *Conclusion*

Plaintiff has not made an affirmative showing that he is unable to afford counsel or that he has diligently searched for counsel, nor has he sufficiently asserted actionable claims of discrimination under Title VII.  As such, the Court will neither appoint counsel for Plaintiff, nor refer him to the Court's *Pro Bono* program's selection committee at this time.  To the extent that Plaintiff requires assistance in finding an attorney on his own, the Court will direct the Clerk to mail to Plaintiff a copy of the United States District Court for the District of New Mexico's "Guide for *Pro Se* Litigants," which lists resources for legal representation.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Appoint Counsel (Doc. 5) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk will mail a copy of the Court's "Guide for *Pro Se* Litigants" to Plaintiff.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE